UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ABIENGA,<br><br>Defendant. | No. 1:22-cr-00030-DJC-BAM-1<br><br><br><br>ORDER |

Pending before the Court is Defendant Charles Abieanga's Motion for Compassionate Release under 18 U.S.C. Section 3582 (c)(1)(A), (Mot. Compassionate Release (ECF No. 122)) and Motion to Vacate and/or Reduce Sentence under 18 U.S.C. Section 3582(c)(2). (Mot. Reduce Sentence (ECF No. 126)).  The United States opposes both Motions.  (Opp'n Mot. Reduce Sentence, (ECF No 130); Opp'n Mot. Compassionate Release (ECF No. 134).)  The Defendant issued Replies.  (Reply Mot. Reduce Sentence (ECF No. 131); Reply Mot. Compassionate Release (ECF No. 137).)  For the reasons explained below, the Court DENIES the Motion for Compassionate Release and GRANTS the Motion to Reduce Sentence.

////

////

1

## I. Background

Defendant Charles Abieanga was sentenced to a 65-month prison sentence with 36 months of supervisory release following his guilty plea to one count of Conspiracy to Commit Wire Fraud, 18 U.S.C. Section 1349, and one count of Aggravated Identity Theft, 18 U.S.C. Section 1028A. (Plea Agreement (ECF No. 65) at 1-2.) Defendant participated in several schemes that defrauded more than ten victims. (*See* Presentence Report ("PSR") (ECF No. 83) ¶¶ 6–27.) As part of his sentence, Defendant was ordered to pay restitution in the amount of $505,695.59. (ECF No. 130-1 at 3.)

As of February 2025, Defendant has served approximately 36 months of his sentence at FCI-Duluth and has a projected release date of March 27, 2026. (*See* Opp'n Mot. Compassionate Release at 3.) At the time of his sentencing, the Court found his offense level to be 22, and since Defendant had zero criminal history points, his Criminal History was determined to be Category I. (*See* Mot. Reduce Sentence at 3.) The recommended guideline range was calculated to be 41 to 51 months. (*See id.*) The Court sentenced Defendant to the low end of the guideline range, receiving 41 months for the wire fraud count and 24 months for the identity theft count to be served consecutively.[1] (*Id.* at 4.)

Following his sentencing, the Sentencing Commission adopted Amendment 821. Part B Subpart 1 of Amendment 821, which applies retroactively, adds a "zero-point offender" provision to Section 4C1.1. U.S.S.G. § 4C1.1(a). This provision provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria. *Id.* Under the amendment, Defendant's level would be reduced from 22 to 20 and the range for Count One would drop to a range of 33 to 41 months. (*See* Mot. Reduce Sentence at 4.)

---

[1] Defendant's 24-month sentence for Count Two is not eligible for further reduction because it is the minimum sentence under the Guidelines. *See Dillon v. United States,* 560 U.S. 817, 819 (2010) (prohibiting a sentence reduction below the minimum of a newly revised range, except in cases involving substantial assistance.)

2

While serving his sentence, Defendant's mother developed Parkinson's disease, (Mot. Compassionate Release ¶ 7.) Defendant's wife, Viviana Cervantes, currently supports Defendant's mother. (*Id.* ¶ 8-9.) However, the care she provides is limited, given that she also has to take care of two small children and has a job of her own. (*Id.*) Defendant states that no other family members can care for his mother. (*Id.*)

Defendant brings two Motions to this Court. The first motion seeks Compassionate Release pursuant to 18 U.S.C. Section 3582(c)(1)(A), primarily based on his mother's health condition. Defendant requests early supervised release for the duration of his sentence. The second motion seeks to have his sentence reduced, pursuant to 18 U.S.C. Section 3582(c)(2), given the zero-point reduction outlined in the most recent Sentencing Guidelines. The Government opposes both Motions. The Defendant issued Replies. The Court takes the matter under submission without hearing.

## II. Motion for Compassionate Release

### A. Legal Standard

Typically, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in "limited circumstances" a sentence may be modified. *Dillon v. United States,* 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Two of these circumstances include compassionate release in extraordinary cases, *see United States v. Heffington,* 476 F. Supp. 3d 1042, 1045 (E.D. Cal 2020) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 967-98) (D. Or. 2020), and where the sentence was based on the guideline range, and the sentencing commission subsequently lowered the guideline range, 18 U.S.C. § 3582(c)(2).

Prior to the enactment of the First Step Act of 2018, motions for compassionate release could only be filed by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, under the First Step Act, defendants who are imprisoned may now bring

3

their own motions for compassionate release in the district court. 18 U.S.C. § 3582 (c)(1)(A) (2018). In determining whether a defendant is entitled to compassionate release under 18 U.S.C. Section 3582(c)(1)(A), the court must find that the defendant satisfied three requirements. First, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, the district court may only grant compassionate release if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Third, the court must consider "the factors set forth in Section 3553(a) to the extent they are applicable." *Id*. The defendant ultimately bears the burden of establishing that he is eligible for sentence reduction. *United States v. Wright,* 46 F.4th 938, 951 (9th Cir. 2022).

### B. Discussion

Defendant argues that compassionate release should be granted to enable him to care for his mother, who suffers from Parkinson's disease, and because he has demonstrated important steps towards rehabilitation. The Government argues that compassionate release is improper because Defendant has failed to establish an "extraordinary and compelling" reason for release and because the Section 3553(a) factors do not support a sentence reduction. For the reasons below, the Court finds that although the administrative exhaustion requirement is met, the Defendant fails to illustrate "extraordinary and compelling" reasons for his relief.

#### 1. Administrative Exhaustion

An inmate may file for sentence reduction after the defendant has met the Bureau of Prisons exhaustion requirements or after waiting 30-days from receipt of a request by the Warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Here, Petitioner has satisfied this requirement. On July 2, 2024, Petitioner submitted a request for release to the Warden, which was denied on July 19, 2024. More than 30-days passed before Petitioner filed the instant Motion for Compassionate Release. Neither party disputes that this requirement has been satisfied.

**2. Extraordinary and Compelling Reasons**

According to Section 1B1.13 of the Federal Sentencing Guidelines, there are six primary bases on which extraordinary and compelling reasons may exist to grant a motion for compassionate release: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. "Other reasons" include "any other circumstance or combination of circumstances, when considered by themselves or together with any of the [first four reasons]" may qualify as an extraordinary and compelling reason if "similar in gravity" to the first four reasons. *See* U.S.S.G § 1B1.13. Moreover, under the Ninth Circuit's decision in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), while Section 1B1.13 may inform the determination, the Court has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *United States v. Jones,* 980 F.3d 1098, 1111 (6th Cir. 2020). However, even doing so, the Court does not find that the Defendant's circumstances here present and extraordinary and compelling reason to grant compassionate release. *Compare United States v. Rojas,* No. 3:17-cr-00337-AGS-4, 2021 WL 4690509, at *2 (S.D. Cal. Oct. 7, 2021) (finding that extraordinary family circumstances existed based on the health of a parent where the defendant's mother developed multiple medical conditions and was the caregiver for the defendant's disabled daughter).

Defendant argues that his mother's declining health condition, coupled with the fact that no other close family members can care for her, is a sufficiently extraordinary and compelling reason to grant his motion for compassionate release. Specifically, Defendant's mother is suffering from Parkinson's Disease. She also developed Conjunctivitis due to her inability to care for herself.

However, the record does not establish that there is truly no one other than Defendant who can step in and provide the care that this mother needs. To the contrary, the record indicates that Cervantes is providing care for her. Although the

Court recognizes the burden placed upon Cervantes during this time, the Defendant has not established that his mother's current level of care is inadequate, or that the other family members are incapacitated [2] such that they cannot support in the care of Defendant's mother.  *Compare United States v. Alvarado*, 569 F. Supp. 3d 1039, 1040 (S.D. Cal. 2021) (finding that defendant's mother's health was an extraordinary and compelling reason for release where Defendant's 83-year-old father, who likely would need medical care himself, was the only available caregiver because his sister suffered from substance abuse and addiction issues); *United States v. Kesoyan*, No. 2:15-cr-00236-JAM-1, 2020 WL 2039028, at *4 (E.D. Cal. Apr. 28, 2020) (granting compassionate release where the defendant's 24 year-old son had cerebral palsy and was under the care of other family members who had medical issues of their own).  Furthermore, the Defendant has not explained whether public services are an option.  *See United States v. Crisp,* No.1:11-cr-00026-JLT-1, 2022 WL 3448307, at *7 (E.D. Cal. Aug. 17, 2022) ("There is a great percentage of the population who lack family-caregivers, and public agencies –namely adult services agencies – are available to assist those individuals. . .").  Thus, the Court cannot find that Defendant is the only available caregiver.  Nor do the rehabilitative efforts of the Defendant, coupled with his mother's health, support a finding of extraordinary or compelling reasons for release.

The Court expresses sympathy for Defendant's situation and commends his desire to be with his mother during this difficult time.  However, "[m]any inmates have aging parents with various ailments.  If a sick parent – absent truly extraordinary circumstances – was considered a compelling reason, virtually every inmate seeking a sentence reduction on this ground could produce one." *United States v. George,* No. 1:17-cr-00030-JLT-SKO-1, 2022 WL 17812892, at *3 (E.D. Cal. Dec. 19, 2022).

---

[2] Defendant briefly notes that one of his brothers is unavailable to help because he is working, his other brother is estranged and unwilling to help, and his sisters are in Africa and cannot help.  (*See* Mot. for Cr. At 8).

6

Accordingly, the Court DENIES the Defendant's Motion for Compassionate Release (ECF No. 122).

### III. Motion to Reduce or Vacate Sentence

#### A. Legal Standard

To vacate and/or reduce a sentence under 18 U.S.C. Section 3581(c)(2), the court must first "determin[e] the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentencing, and whether a sentence reduction is consistent with the policy for applying a retroactive sentence reduction. *Dillon,* 560 U.S. at 826–27 (2010); *see United States v. Acosta,* No. 1:04-cr-05278-DAD, 2016 WL 8678046, at *3 (E.D. Cal. Dec. 30, 2016). The court must then consider if a reduced sentence "is warranted in whole or in part under the particular circumstances of the case" considering the factors in 18 U.S.C. Section 3553. *Dillon*, 560 U.S. at 827.

The Government does not dispute that Defendant is technically eligible for a retroactive application of the zero-point provision and instead argues that the Court should exercise its discretion to deny the Motion. (Opp'n Mot. Reduce Sentence at 5.)

#### B. Analysis

To determine whether a reduced sentence is warranted, courts "consider the factors set forth in Section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). The factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims." *United States v. Hernandez,* 795 F.3d 1159, 1168 (9th Cir. 2015) (citing 18 U.S.C. § 3553(a)).

It appears that the Court considered the Defendant's nonviolent crime and lack of previous criminal history in its initial sentencing determination. (*See* PSR ¶¶ 94–96.) That said, since being in prison, Defendant has not been involved in any reported instances of violence and has taken on leadership roles as a fitness instructor in prison (*see* Letter from Correctional Counselor (ECF No. 137, Exh. G),). The Government argues that the nature of the crime and the defendant's history weigh against reducing his sentence because the offenses he committed were serious and because Defendant left the country following the search warrant on his home. However, it appears that this information was also already considered during sentencing. (*See* PSR ¶ 34.) Thus, in light of Defendant's relatively good behavior [3] while serving his sentence and the rehabilitative efforts he has undertaken, the Court is not persuaded that these factors weigh against a sentence reduction. *See e.g. USA v. Kramer,* No. 5:16-cr-00322-EJD-1, 2023 WL 361092, at *5 (N.D. Cal. Jan. 23, 2023) (finding that similar circumstances weighed in favor of granting the relief requested).

The Court also finds that the seriousness of Defendant's offense and the need to deter criminal conduct have been accomplished by the period of incarceration that Defendant will serve even on a reduced sentence. While the Court is particularly concerned about the Defendant's role in fraud related to Personal Protective Equipment, which was in extremely short supply at that point in time due to the COVID-19 pandemic, the Court has considered the fact that the Defendant did not play a leadership role in that fraud. Moreover, during sentencing it was recommended that Defendant's sentence be at the low-end of the guideline range. Although the Defendant's sentence initially met that recommendation, under the new guidelines, Defendant's 41-month charge for Count One falls at the high end of the range.

---

[3] The Government argues that the Defendant was punished for an incident that happened in 2023. However, the Defendant explains that the incident was about the ownership of a USB cord in a shared locker and did not involve any instances of violence. There were no other incidences after.

The Court notes that a low-end guideline sentence for the revised guideline range is well above the average sentence of 25 months given to individuals whose primary guideline was §2B1.1 with a Final Offense Level of 20 and a Criminal History Category of I.  *See* United States Sentencing Commission, Judiciary Sentencing Information (https://jsin.ussc.gov) (accessed January 21, 2025).  Additionally, the Court has considered the 24-month consecutive sentence imposed for Aggravated Identity Theft (18 U.S.C. § 1028A) which remains unchanged.  Having considered the factors in 18 U.S.C. § 3553(a), the Court concludes an adjustment is appropriate.

Accordingly, the Court GRANTS Defendant's Motion to Reduce Sentence (ECF No. 126) pursuant to 18 U.S.C. Section 3581(c).  The Court finds that the Defendant is entitled to the benefit of Amendment 821, Part B Subpart 1, the "zero-point offender" provision, which reduces his offense level from 22 to 20.  Defendant's resulting Guideline range is reduced from 41 to 51 months to 33 to 41 months, and the Court imposes a sentence of 33 months as to Count One, to run consecutively to the previously imposed 24-month sentence on Count Two, for a total term of 57 months.

### IV.  Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's term of imprisonment is reduced to a term of 57 months or time served, as of the effective date of the Court's order.

IT IS SO ORDERED.

Dated:  **February 4, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE